IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

```
STEPHEN SAMPLES,                    )    CV 05-43-H-DWM
                                    )
        Plaintiff,                  )
                                    )
    vs.                             )    ORDER
                                    )
MIKE MAHONEY, KEN NEUBAUER,         )
BILL SLAUGHTER, AND ROXANNE         )
WIGERT,                             )
                                    )
        Defendants.                 )
_____)
```

United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendation in this matter on October 18, 2005. Samples timely objected and is therefore entitled to de novo review of the record. 28 U.S.C. § 636(b)(1) (2000). Upon review of the Findings and Recommendation I concur with Judge Ostby.

Samples is proceeding *in forma pauperis* under 42 U.S.C. § 1983. The question before the Court is whether Samples' Complaint passes the preliminary screening process. Pursuant to 28 U.S.C. §§ 1915(e), 1915(A)(a) and (b); 42 U.S.C. §

-1-

1997e(c)(1); and *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000), Judge Ostby found that the Complaint failed to state a cognizable claim. I agree.

The heart of Samples' allegation concerns his inability to participate in a vocation educational program to obtain his commercial driver's license. However, he had no protected interest based on his participation in that program. *Duffy v. Riveland*, 98 F.3d 447, 457 (9th Cir. 1996). And his inability to access that program was related to his refusal to take part in a sex offender program, which resulted in a higher custody classification, barring his opportunity take the class. There is nothing wrong with the prison's choice to classify him in such a manner and again, he did not have a constitutional right to attend the class as he asserts.[1] Consequently, Judge Ostby properly determined that Samples failed to state a claim and pursuant to the Court's obligation to screen these actions, the case is dismissed. An amendment to the Complaint will not cure the issue and so that option is foreclosed. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

Accordingly, IT IS HEREBY ORDERED that I adopt Judge Ostby's Findings and Recommendation in full (dkt #6): Plaintiff's

---

[1] In his Objection, Samples contests the finding that he does not have a liberty interest in the class, but the United States Supreme Court and the Ninth Circuit have repeatedly stated that prisoners do not have a right to rehabilitation or rehabilitative programs. *See e.g.*, *Coakley v. Murphy*, 884 F.2d 1218 (9th Cir. 1989).

Complaint (dkts #1 and 2) is DISMISSED WITH PREJUDICE.  Plaintiff is advised that this action counts as one strike pursuant to 28 U.S.C. § 1915(g).

DATED this 4th day of August, 2006.

/s/ Donald W. Molloy
Donald W. Molloy, Chief Judge
United States District Court